UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL STOVALL,<br><br>        Plaintiff,<br><br>v.<br><br>BROOK ROLLINS,<br> Secretary of Agriculture et al.,[1]<br><br>        Defendants. | No. 24-cv-3066 (EGS) |

MEMORANDUM OPINION

Plaintiff Michael Stovall ("Mr. Stovall"), brings this action against Brook Rollins in her official capacity as Secretary of the Department of Agriculture and the Department of Agriculture (collectively the "Department") alleging claims for: (1) Count I: Breach of Contract; (2) Count II: Violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §§ 1691 et seq.; (3) Count III: Violation of the Administrative Procedure Act ("APA") 5 U.S.C. § 701 et seq.; (4) Count IV: Due Process Under the Fifth Amendment to the U.S. Constitution; (5) Count V: Negligence; and (6) Count VI: Intentional Infliction of

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the current Secretary of Agriculture is substituted for the prior Secretary of Agriculture. See Fed. R. Civ. P. 25(d).

Emotional Distress. *See* Compl., ECF No. 1 at 16-22.[2] Mr. Stovall seeks the following relief:

> (a) finding and declaring that the [Department] has unlawfully discriminated against Mr. Stovall in connection with the [Department]'s loan program in violation of ECOA, 15 U.S.C. § 1691(a) and the APA, 5 U.S.C. § 551;
>
> (b) finding and declaring that the [Department]'s treatment of Mr. Stovall in connection with the [Department]'s loan program and Settlement Agreement violated Mr. Stovall's constitutional right to equal protection and due process;
>
> (c) finding and declaring that Defendants breached and continue to breach the 1998 Settlement Agreement it had with Mr. Stovall;
>
> (d) finding and declaring that Defendants are liable to Mr. Stovall in negligence for breaching its duty owed in performing agreed upon tasks outlined in the 1997 Settlement Agreement; and
>
> (e) finding and declaring that Defendants are liable to Mr. Stovall in [intentional infliction of emotional distress] for its outrageous conduct towards Mr. Stovall over the past two decades;
>
> (f) awarding monetary relief pursuant to 15 U.S.C. §§ 1691e(a) and (c);
>
> (g) awarding attorney's fees . . . and
>
> (h) [i]ncluding such other and further declaratory and monetary relief."

---

[2] When citing electronic filings throughout this opinion, the Court cites to the ECF header page number, not the original page number of the filed document.

*Id.* at "Prayer for Relief."

The Department moves to dismiss the Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. *See* Mot., ECF No. 9.[3] Upon careful consideration of the motion, the response, the reply thereto, and the applicable law, the Court **GRANTS** the Department's Motion to Dismiss.

I. **Background**

   A. **Factual Background**

The following facts—drawn from the Complaint—are assumed to be true. *See Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015). Mr. Stovall is an African-American, fourth generation farmer who began farming in the 1960s. Compl., ECF No. 1 ¶ 34. In 2019, the Department attempted to foreclose on his property because it accused him of being delinquent in repaying a 1998 loan. *Id.* ¶ 52. The foreclosure was vacated when it was discovered that this was a mistake. *Id.* ¶ 53. In 2021, the USDA agreed in writing to deposit $173,000 (apparently in Mr. Stovall's account) but failed to fulfill the promise, *id.* ¶

---

[3] Mr. Stovall brings this action against Brook Rollins, Secretary of Agriculture in her official capacity, and the United States Department of Agriculture. *See generally* docket for Case # 24-cv-3066. The Court construes the Motion to Dismiss, ECF No. 9, as brought by all Defendants even though the case caption on the Motion to Dismiss does not include "et al." and Defendants are referred to in the singular in the motion. The docket clearly indicates government counsel's intent to represent both named defendants. *See e.g.,* Notice of Appearance, ECF No. 7; Defendants' Consent Motion for Enlargement of Time, ECF No. 8.

54; and it promised to write off $876,00 but failed to fulfill this promise also, *id.* ¶ 55.

### B. Procedural History

Mr. Stovall filed this lawsuit on October 30, 2024. *See* Compl., ECF No. 1. The Department filed its Motion to Dismiss on February 18, 2025. *See* Def.'s Mot. to Dismiss, ECF No. 9. Mr. Stovall filed his five and a half-page opposition brief on March 2, 2025, *see* Pl.'s Opp'n, ECF No. 10; and the Department filed the reply brief on March 10, 2025, *see* Reply, ECF No. 11. The briefing is now complete, and the motion is ripe and ready for the Court's adjudication.

## II. Legal Standards

### A. Federal Rule of Civil Procedure 12(b)(1)

On a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). "The court must address the issue of jurisdiction as a threshold matter, because absent jurisdiction the court lacks the authority to decide the case on any other grounds." *Am. Farm Bureau v. EPA*, 121 F. Supp. 2d 84, 91 (D.D.C. 2000). Moreover, because subject-matter jurisdiction relates to the Court's power to hear the claim, the Court must give the plaintiff's factual allegations closer scrutiny when resolving a

Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion. *Uberoi v. EEOC*, 180 F. Supp. 2d 42, 44 (D.D.C. 2001). In resolving a motion to dismiss for lack of subject-matter jurisdiction, the Court "may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (internal citations and quotation marks omitted).

### B. Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a complaint." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). To survive a 12(b)(6) motion, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* ("*Iqbal*"), 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly* ("*Twombly*"), 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The standard does not amount to a "probability requirement," but it does require more than a "sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted).

When evaluating a 12(b)(6) motion, the court "may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [courts] may take judicial notice." *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997). Furthermore, the court "must accept as true all of the factual allegations contained in the complaint." *Atherton v. D.C. Off. of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009) (internal quotations omitted). The court must also give the plaintiff the "benefit of all inferences that can be derived from the facts alleged." *Id.* at 677 (internal quotations omitted). However, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). And "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not sufficient to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678.

**III. Analysis**

    **A. Jurisdictional Arguments**

        **1. Mr. Stovall Does Not Allege a Declaratory Judgment Cause of Action**

Mr. Stovall asserts in the "Subject Matter Jurisdiction" section of his Complaint that the Court has jurisdiction over his Declaratory Judgment Act ("DCA") "claim" under 28 U.S.C. §§

2201, 2202. Compl., ECF No. 1 ¶ 7. The Department argues that the Court lacks jurisdiction over Mr. Stovall's DCA "claims" since the DCA "is not an independent source of federal jurisdiction." Mot., ECF No. 9 at 12 (citing *Lovitky v. Trump*, 918 F.3d 160, 161 (D.C. Cir. 2019).

Under the DCA, a court may "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The DCA is not, however, "an independent source of federal jurisdiction." *Metz v. BAE Sys., Tech. Solutions & Servs. Inc.*, 774 F.3d 18, 25 n.8 (D.C. Cir. 2014) (citation omitted). Despite Mr. Stovall's assertion in the Subject Matter Jurisdiction portion of his Complaint, however, his Complaint does not contain a cause of action under the DCA. *See* Compl., ECF No. 1 at 16-22 (listing the six Counts in the Complaint). Nor could it since the DCA does not "provide a cause of action." *Ali v. Rumsfeld*, 649 F.3d 762, 778 (D.C. Cir. 2011). Rather, as listed above, the relief Mr. Stovall seeks includes that the Court make various declarations, which it could be empowered to do under the DCA. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950) (explaining that the DCA "enlarged the range of remedies available in the federal courts but did not extend their jurisdiction"). Accordingly, there is no DCA cause of action to dismiss.

### 2. The United States Has Not Waived Its Sovereign Immunity with Respect to the Constitutional Claim for Money Damages

Mr. Stovall alleges a Due Process claim under the Fifth Amendment to the U.S. Constitution based on racial discrimination he allegedly suffered as a result of the Department's actions over the years. *See* Compl., ECF No. 1 ¶¶ 78-82. The Department moves to dismiss this claim on the ground that the United States has not waived its sovereign immunity for constitutional claims for money damages. Mot., ECF No. 9 at 12-13. Mr. Stovall fails to respond substantively to the Department's arguments. *See generally* Opp'n, ECF No. 10. His only response is that the Department's "assertions and argument for dismissing this claim is displaced and therefore hold no merit." Opp'n, ECF No. 10 at 4. Mr. Stovall cites no points or authorities in support of his claim that the Department's argument has no merit. *See id*.

> Constitutional claims for money damages against federal agencies are claims against the United States. *Clark v. Library of Cong.,* 750 F.2d 89, 103–104 (D.C. Cir. 1984); *Kline v. Republic of El Salvador,* 603 F. Supp. 1313, 1316 (D.D.C.1985). And, the United States can be sued only to the extent that it consents to suit. *See United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980) ("It is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the

> suit.") (internal quotation marks and brackets omitted).
>
> The D.C. Circuit has "recognized the well-established rule that sovereign immunity bars suits for money damages against officials in their official capacity, absent a specific waiver by the government." *Ward v. Kennard,* 133 F. Supp. 2d 54, 59 (D.D.C. 2000) (citing *Clark,* 750 F.2d at 103). The United States has not waived its sovereign immunity for constitutional torts. *See Kline,* 603 F.Supp. at 1317 ("the Federal Tort Claims Act does not waive sovereign immunity with respect to constitutional torts"); *Birnbaum v. United States,* 588 F.2d 319, 327-28 (2d Cir. 1978) (same).

*Stovall v. Veneman*, 394 F. Supp. 2d 21, 25-26 (D.D.C. 2005). Since Mr. Stovall seeks monetary relief, *see* Compl., ECF No. 1 at 23; and since the government has not waived sovereign immunity for constitutional torts, Mr. Stovall's constitutional claim must be dismissed for lack of subject matter jurisdiction.

### 3. The Court Lacks Jurisdiction Over Mr. Stovall's Breach of Contract Claim

Mr. Stovall seeks "actual and consequential" damages in the amount of 25 million dollars based on the alleged breach of the settlement agreement between the Department and him in which he alleges that the Department agreed to deposit $173,000 in his account and write off $876,000. Compl., ECF No. 1 ¶¶ 60-62. The Department argues that the Court lacks jurisdiction over this claim pursuant to the Tucker Act, 28 U.S.C. § 1346(a)(2), because since the claim exceeds $10,000, it is

9

subject to the exclusive jurisdiction of the Federal Court of Claims. Mot., ECF No. 9 at 13.

The Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") interprets the Tucker Act

> to confer exclusive jurisdiction over breach of contract claims against the United States seeking more than $10,000 in damages on the Court of Federal Claims," *Hammer v. United States*, 989 F.3d 1, 2 (D.C. Cir. 2021) (citing 28 U.S.C. §§ 1346(a), 1491(a); *Greenhill v. Spellings*, 482 F.3d 569, 573 (D.C. Cir. 2007)), and thus "to 'impliedly forbid[ ]' contract claims against the Government from being brought in district court under the waiver in the APA," 5 *Perry Cap.*, 864 F.3d at 618-19 (quoting *Albrecht v. Comm. on Emp. Benefits of Fed. Rsrv. Emp. Benefits Sys.*, 357 F.3d 62, 67-68 (D.C. Cir. 2004) (alteration in original)).

*Crowley Government Services, Inc. v. General Services Administration*, 38 F.4th 1099, 1106 (D.C. Cir. 2022). Whether a claim against the United States is "'at its essence' contractual for the Tucker Act 'depends both on the source of the rights upon which the plaintiff bases its claims, and upon the type of relief sought (or appropriate).'" *Id*. (quoting *Megapulse, Inc. v. Lewis*, 672 F.2d 959, 968 (D.C. Cir. 1982)). Citing *Crowley Government Services*, Mr. Stovall asserts that the Court has jurisdiction over his contract claim because it is brought under the APA. Opp'n, ECF No. 10 at 4-5. For the reasons explained below, Mr. Stovall's reliance on *Crowley Government Services* is misplaced.

The "source of the rights upon which [Mr. Stovall] bases [his] claim[]" are clearly contractual. First, he alleges that the Department breached a settlement agreement with him. *Id*. ¶¶ 60-61. Second, the relief he seeks are "actual and consequential damages" resulting from the alleged breach. *Id*. ¶ 62. D.C. Circuit precedent identifies "money damages as . . . [the] type[] of relief that are specific to actions that sound in contract." *Crowley Government Services, Inc.* 38 F.4th at 1107. Since Mr. Stovall seeks money damages in excess of $10,000 for the alleged breach of the settlement agreement, the Court of Federal Claims has exclusive jurisdiction over the claim.

It is Mr. Stovall's initial burden to establish by a preponderance of the evidence that this Court has subject matter jurisdiction over his claim. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Citizens for Responsibility and Ethics in Wash. v. U.S. Dep't of Homeland Sec.*, 527 F. Supp. 2d 101, 104 (D.D.C. 2007). Since he has not met this burden, the Court will dismiss his breach of contract claim for lack of subject matter jurisdiction. *See Brown v. Mattis*, No. 16-cv-1025, 2018 WL 6433754, at *5 (D.D.C. Dec. 7, 2018).

### 4. The Court Lacks Jurisdiction Over Mr. Stovall's Tort Claims

Mr. Stovall alleges that the Department was negligent when it breached the agreement to deposit $173,000 in Mr. Stovall's account and write off $876,000. Compl., ECF No. 1 ¶ 85. He further alleges that the Department is liable to him for Intentional Infliction of Emotional Distress because its discrimination against him in the loan process was reckless and severe. *Id*. ¶ 90.

The Department argues that the Court lacks subject matter jurisdiction over Mr. Stovall's claims for negligence and intentional infliction of emotional distress because he does not allege that he exhausted his administrative remedies. Mr. Stovall fails to respond substantively to these arguments. *See generally* Opp'n, ECF No. 10. His only response is that he will have the opportunity to prove that he exhausted his administrative remedies during discovery. *See id.* at 5. He cites no points or authorities in response to the Department's arguments.

The Federal Tort Claims Act ("FTCA") waives sovereign immunity in limited circumstances, permitting a plaintiff to sue the United States for torts in situations in which "the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission

occurred." 28 U.S.C. § 1346(b)(1); *Sloan v. Dep't of Hous. & Urban Dev.*, 236 F.3d 756, 759 (D.C. Cir. 2001). The FTCA gives federal district courts exclusive jurisdiction over claims against the United States for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission" of a federal employee "acting within the scope of his office or employment." *Millbrook v. U.S.*, 133 S. Ct. 1441, 1443, (2013); 28 U.S.C. § 1346 (b)(1).

Before filing suit under the FTCA, a plaintiff must first present his alleged claims "to the appropriate Federal agency." 28 U.S.C. § 2675(a). Exhaustion of administrative remedies is a mandatory, jurisdictional prerequisite to filing such a lawsuit in federal court. *See Jones v. United States*, 296 Fed. Appx. 82, 83 (D.C. Cir. 2008); *Simpkins v. D.C. Gov't*, 108 F.3d 366, 370-71 (D.C. Cir. 1997).

To exhaust administrative remedies under the FTCA, a plaintiff must have presented the agency with "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum-certain damages claim." *GAF Corp. v. United States*, 818 F.2d 901, 905 (D.C. Cir. 1987). Further, the agency must have either denied the claim in writing or failed to provide a final disposition within six months of the filing of the claim. *Id.* Importantly, an individual submitting an administrative claim to an agency

13

must do so within two years of discovery of "both his injury and its cause." *Sexton v. United States*, 832 F.2d 629, 633 (D.C. Cir. 1987) (quoting *United States v. Kubrick*, 444 U.S. 111, 119 (1979)); *see also* 28 U.S.C. § 2401(b).

In his Complaint, Mr. Stovall fails to allege that he exhausted his administrative remedies with respect to his claims for negligence and intentional infliction of emotional distress. He further fails to respond substantively to the Department's argument, asserting that he will prove that he exhausted his administrative remedies during discovery. Opp'n, ECF No. 10 at 5.

It is Mr. Stovall's initial burden to establish by a preponderance of the evidence that this Court has subject matter jurisdiction over his claim. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Citizens for Responsibility and Ethics in Wash. v. U.S. Dep't of Homeland Sec.*, 527 F. Supp. 2d 101, 104 (D.D.C. 2007). Since he has not met this burden, the Court will dismiss his tort claims for lack of subject matter jurisdiction. *See Brown v. Mattis*, No. 16-cv-1025, 2018 WL 6433754, at *5 (D.D.C. Dec. 7, 2018).

### B. Mr. Stovall's APA and Equal Credit Opportunity Claims Must Be Dismissed

Mr. Stovall alleges that the Department violated the APA when it discriminated against him by: (1) "failing to timely

process his loan application"; (2) "failing to conduct due diligence to confirm his current debt"; (3) "subjecting his loan to adverse terms and burdensome supervision"; (4) "failing to properly service his loan"; (5) "failing to investigate his civil rights complaint"; and (6) "failing to enforce its conflict-of-interest regulations." Compl., ECF No. 1 ¶ 76. The Department argues that Mr. Stovall's APA claims lack merit because he has failed to cite any statute or regulation that requires the Department to take the actions he alleges they failed to take. Mot., ECF No. 9 at 16-17.

Mr. Stovall alleges that the Department violated the ECOA by discriminating against him on the basis of his race by: (1) "failing to timely process loan applications"; (2) "denying loan applications or causing them to be withdrawn"; (3) "failing to conduct due diligence to confirm Mr. Stovall's current debt"; (4) "subjecting loans to adverse terms and burdensome supervision"; and (5) "failing to property service loans." Comp., ECF No. 1 ¶ 70. The Department argues that Mr. Stovall has not plausibly alleged an Equal Credit Opportunity ("ECO") Claim and that any such claim is time-barred. *Id.* at 17-19.

In response to both of the Department's arguments, Mr. Stovall states that the Department's assertions "are just not true and fail [sic] the plausibility test set forth in *Ashcroft v. Iqbal* and *Bell Atlantic Corp. v. Twombly*." Opp'n, ECF No.10

15

at 5. Mr. Stovall has failed to respond substantively to the Department's arguments regarding his APA and ECOA claims. *See generally* Opp'n, ECF No. 10. He has not pointed to any statute or regulation that requires the Department to take the actions that he alleges it failed to do in violation of the APA. Nor has he responded substantively to the Department's arguments regarding the plausibility of his ECOA claim nor that the claim is time-barred. Because Mr. Stovall has failed to respond substantively with points and authorities to the Department's arguments, he has failed to address the arguments and so has conceded them. *Cf. Hopkins v. Women's Div., Gen. Bd. of Glob. Ministries,* 238 F. Supp. 2d 174, 178 (D.D.C. 2002) ("It is well understood in this Circuit that when a plaintiff files an opposition to a motion . . . addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded."). Therefore, the Court will dismiss Mr. Stovall's APA and ECOA claims.

**IV.  Conclusion**

For the reasons set forth above, the Court **GRANTS** the Motion to Dismiss, ECF No. 9; and **DISMISSES WITHOUT PREJUDICE** this action.

A separate Order accompanies this Memorandum Opinion.

**SO ORDERED.**

**Signed:   Emmet G. Sullivan**
**United States District Judge**
**September 10, 2025**